UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-124-DJH

**DEBBIE HAWKS,**                                                                                                 **Plaintiff,**

**v.**

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**                   **Defendant.**

**MEMORANDUM OPINION AND ORDER**

**I. Introduction and Statement of Facts**

This opinion concerns the proper standard of review to be applied during the review of a plan administrator's denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Through her employer, Plaintiff Debbie Hawks ("Plaintiff") is insured under a long term disability insurance policy issued by Defendant Life Insurance Company of North America ("LINA").[1] After Plaintiff ceased working in August 2011, LINA determined that she was eligible for disability benefits and began paying her long term disability benefits.[2] In August 2014, LINA determined that Plaintiff was no longer disabled and terminated her benefits.[3] After exhausting her remedies,[4] Plaintiff filed the underlying "Breach of Contract & Breach of Fiduciary Duty" claim pursuant to 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3).[5] Specifically, Plaintiff seeks "to obtain past benefits, to receive reinstatement for payment of future benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge."[6]

---

[1] DN 4, ¶ 8.
[2] *Id.* at ¶ 10.
[3] *Id.* at ¶ 11.
[4] *Id.* at ¶ 13.
[5] DN 1, ¶ 19.
[6] *Id.*

During an April 28, 2015 Rule 16 scheduling conference, the parties "informed the Court of their disagreement regarding the standard of review applicable in this matter."[7] For this reason, the Court ordered the parties to "submit briefs detailing their respective positions related to the appropriate standard of review."[8] Although the Court ordered the parties to submit briefs, this matter is being treated as LINA's "Motion to Have the Court Apply the Arbitrary and Capricious Standard," which is now ripe for review.

## II. Standards of Review for the Denial of Benefits Under an ERISA Plan

A participant or beneficiary of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Although § 1132(a)(1)(B) does not provide a standard of review, the Supreme Court has ruled that a denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When a plan confers discretion on an administrator, courts are to review the administrator's decision under the arbitrary and capricious standard. *Wells v. U.S. Steel & Carnegie Pension Fund, Inc.*, 950 F.2d 1244, 1247 (6th Cir. 1991).

"The plan administrator bears the burden of proving that the arbitrary and capricious standard applies." *Shelby Cnty. Health Care Corp. v. Majestic Star Casino, LLC*, No. 06-2549, 2008 WL 782642, at *3 (W.D. Tenn. Mar. 20, 2008) (citing *Fay v. Oxford Health Plan*, 287 F.3d

---

[7] DN 7, Pg. 1.
[8] *Id.* Defendant submitted an initial brief (DN 11) and reply (DN 20). Plaintiff submitted a response (DN 18).

96, 104 (2d Cir. 2002); *Sharkey v. Ultramar Energy Ltd.*, 70 F.3d 226, 229-30 (2d Cir. 1995)), *aff'd*, 581 F.3d 355 (6th Cir. 2009). "While 'magic words' are unnecessary to vest discretion," *Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 555 (6th Cir. 1998) (en banc), the Sixth Circuit has held that the plan's grant of discretionary authority must be "express." *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996) (citing *Perry v. Simplicity Eng'g*, 900 F.2d 963, 965 (6th Cir. 1990); *see also Brown v. AMPCO-Pittsburgh Corp.*, 876 F.2d 546, 550 (6th Cir. 1989) (requiring "a clear grant of discretion"). Furthermore, even if a plan expressly vests discretion in an administrator, courts will only apply the arbitrary and capricious standard if it is the administrator itself who actually made the benefits revocation decision. *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 597 (6th Cir. 2001) (citing *Sharkey*, 70 F.3d at 229; *Rodrigues-Abreu v. Chase Manhattan Bank*, 986 F.2d 580, 584 (1st Cir. 1993)). With these considerations in mind, for the reasons discussed below, the Court finds that Plaintiff's plan expressly grants LINA discretionary authority to determine eligibility for benefits. Therefore, when reviewing Plaintiff's § 1132(a)(1)(B) claim, the Court will apply the arbitrary and capricious standard.

### III. Analysis

**A. Plaintiff's Plan Confers Discretion on LINA**

Based on its review of the relevant Sixth Circuit case law, the Court finds that the plan confers discretion on LINA to determine eligibility for benefits. The "Disability Benefits" section of the group insurance contract that governs the policy Plaintiff has with LINA states:

> The Insurance Company will pay Disability Benefits if an Employee becomes Disabled while covered under this Policy. The Employee must satisfy the Elimination Period, be under the Appropriate Care of a physician, and meet all the other terms and conditions of the Policy. He or she must provide the Insurance

>Company, at his or her own expense, *satisfactory proof of Disability* before benefits will be paid.[9]

Furthermore, the "Waiver of Premium" section reads:

>If the Employee submits *satisfactory proof* that he or she has been continuously Disabled for the Waiver Waiting Period shown in the Schedule of Benefits, coverage will be extended up to the Maximum Benefit Period shown in the Schedule of Benefits.
>
>*Such proof must be submitted to the Insurance Company* no later than 3 months after the date the Waiver Waiting Period ends. Premiums will be waived from the date the Insurance Company agrees in writing to waive premiums for the Employee.
>
>After premiums have been waived for 12 months, they will be waived for future periods of 12 months, if the Employee remains Disabled and submits *satisfactory proof* that Disability continues. *Satisfactory Proof must be submitted to the Insurance Company* 3 months before the end of the 12-month period.[10]

The Sixth Circuit has regularly held that plans requiring "satisfactory proof" of disability, or other similar language, confer discretion on plan administrators. In *Yeager v. Reliance Standard Life Insurance Co.*, the Sixth Circuit found that a plan conferred discretion on an administrator because it required a claimant to submit "satisfactory proof of Total Disability to us." 88 F.3d at 380. Likewise, in *Miller v. Metropolitan Life Insurance Co.*, language allowing for benefits only if the claimant was found disabled "on the basis of medical evidence satisfactory to the Insurance Company," was found to confer discretion on the plan administrator. 925 F.2d 979, 983 (6th Cir. 1991). Finally, in *Perez v. Aetna Life Insurance Co.*, the Court ruled that language as simple as "satisfactory proof" was an express grant of discretion. 150 F.3d at 555-56. Despite the fact that the law in this Circuit could not be clearer on this issue, Plaintiff contends that her plan does not confer discretion upon LINA because its language "does not

---

[9] DN 14, Pg. 719 (emphasis added). Citations to DN 14 are to the Administrative Record.
[10] *Id.* at 766 (emphasis added).

4

indicate *to whom* the proof of disability must be satisfactory.[11] This argument must fail for two reasons, first because the Sixth Circuit does not require language that explicitly indicates "to whom" the proof must be satisfactory, and second because the policy plainly requires the requisite satisfactory proof be provided to LINA.

In *Perez*, this Circuit's leading case on this issue, the plan language stated, "[Aetna] shall have the right to require as part of the proof of claim satisfactory evidence . . . that [the claimant] has furnished all required proofs for such benefits." *Id.* at 555. The claimant raised the same argument Plaintiff makes in this case, but the Sixth Circuit, sitting en banc, rejected this argument and ruled that because Aetna was the only named party with the right to request such evidence, the "right to require as part of the proof of claim satisfactory evidence" meant "that the evidence must be satisfactory to Aetna." *Id.* at 557. Here, Plaintiff's policy explicitly requires satisfactory proof to be submitted to "the Insurance Company."[12] The "Insurance Company" is defined as the underwriter "named on the Policy cover page,"[13] and the cover page lists LINA as the underwriter.[14] As LINA is therefore the only party with the right to request "satisfactory proof," under *Perez*, it necessarily follows that the proof must be satisfactory *to LINA*. *Id.*

In an attempt to circumvent the fact that *Perez* is directly on point in this case, Plaintiff argues that "subsequent to *Perez*, the First Circuit Court of Appeals found the Sixth Circuit to be the only Circuit to find this language sufficient to expressly grant discretion."[15] Plaintiff is certainly correct that in *Brigham v. Sun Life of Canada*, the First Circuit noted, "Only the Sixth Circuit, by an 8-6 en banc vote, has held that discretionary review is triggered by language

---

[11] DN 18, Pg. 4.
[12] DN 14, Pg. 719 ("He or she must provide the Insurance Company . . . satisfactory proof of Disability before benefits will be paid.").
[13] *Id.* at 1321.
[14] *Id.* at 742.
[15] DN 18, Pg. 5.

requiring 'satisfactory proof' without specification of who must be satisfied." 317 F.3d 72, 81 (1st Cir. 2003). This argument, of course, is irrelevant because this Court sits in the Sixth Circuit, and "the Court is not at liberty to disregard clearly established Sixth Circuit precedent." *United States v. Adams*, No. 6: 09-16-S-DCR, 2009 WL 4799466, at *2 (E.D. Ky. Dec. 10, 2009).

Next, Plaintiff contends that even if this Court finds that Plaintiff's policy confers discretion on LINA, the Court should still disregard this finding because "judicial estoppel prevents LINA from arguing this language grants it discretion."[16] Judicial estoppel is an equitable doctrine that "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1217 (6th Cir. 1990) (quoting *Reynolds v. Comm'r*, 861 F.2d 469, 472-73 (6th Cir. 1988)). The purpose of the doctrine is to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit exigency of the moment." *Id.* at 1217-18 (citing *Scararo v. Cent. R.R.*, 203 F.2d 510, 513 (3d Cir. 1953)). "In order to invoke judicial estoppel, a party must show that the opponent took a contrary position under oath in a prior proceeding and that the prior position was accepted by the court." *Id.* at 1218 (citing *Reynolds*, 861 F.2d at 472-73).

Plaintiff contends that LINA should be estopped from asserting that her policy confers discretion on LINA because in a prior case, *Barbu v. Life Insurance Company of North America*, No.: CV-12-1629, LINA admitted that a policy containing the exact same language as Plaintiff's policy did not confer discretion on LINA.[17] Although LINA does not dispute that it made this

---

[16] *Id.* at 2.
[17] *Id.* at 3.

6

admission in *Barbu*,[18] the Court finds that Plaintiff's argument has no merit because that admission was made in a case pending in the U.S. District Court for the Eastern District of New York, which is in the Second Circuit. As discussed above, the circuits are split as to what language in an ERISA plan constitutes an express grant of discretion. In *Kinstler v. First Reliance Standard Life Insurance Co.*, the Second Circuit examined plan language that required the insured to "submit[] satisfactory proof of Total Disability to us" in order to receive benefits. 181 F.3d 243, 251 (2d Cir. 1999). After conducting a detailed analysis of *Perez* and the law of other circuits, that Court expressly refused to adopt the Sixth Circuit's reasoning. *Id.* at 251-52 ("If the policy is read to require 'satisfactory proof' that must be submitted to First Reliance, then the issue is like that in *Perez* and *Kearney*, and we think the dissenters in *Perez* and the majority in *Kearney* had the better of the argument."). Instead, it held that when an ERISA plan does not explicitly state to whom the proof must be satisfactory, the plan's language is ambiguous and thus insufficient to constitute an express grant of discretion to the administrator. *Id.* at 252. Therefore, Plaintiff's judicial estoppel argument ignores the fact that—due to the circuit split—LINA can be correct that plan language confers discretion in the Sixth Circuit, without doing so in the Second Circuit. For this reason, the Court rejects Plaintiff's estoppel argument and finds that LINA has met its burden of establishing that Plaintiff's ERISA plan expressly gives it discretionary authority to determine eligibility for benefits.

**B. LINA Is Entitled to the Arbitrary and Capricious Standard of Review Because LINA Was the Body that Rendered the Eligibility Decision**

Finally, Plaintiff argues that even if this Court finds that LINA has discretionary authority under the plan, LINA is still not entitled to the arbitrary and capricious standard of review

---

[18] DN 20, Pg. 1.

because LINA has not demonstrated "that the discretion was properly exercised."[19] This argument must fail for two reasons. First, the issue of whether LINA's discretion was "properly" exercised is not now before the Court. That is a determination this Court will make after the parties have briefed the merits. Second, the Administrative Record clearly indicates that LINA was the body that actually exercised authority and terminated Plaintiff's benefits.[20] This makes the two cases on which Plaintiff relies inapposite.

In *Sanford v. Harvard Industries, Inc.*, Danny Sanford took early retirement from his employer, Harvard Industries, Inc., in order to secure certain health benefits under an expiring collective bargaining agreement. 262 F.3d at 592. Harvard's Central Board of Administration (the "Board"), determined that he qualified for early retirement and approved his benefits. *Id.* Four months later, Harvard Industries determined that Sanford had been mistakenly granted early retirement and revoked his benefits. *Id.* Sanford then brought suit, seeking reinstatement of his benefits. *Id.*

The district court found that the ERISA plan "specifically clothe[d] the Board with discretionary authority to decide benefits eligibility." *Id.* at 596. However, it refused to apply the arbitrary and capricious standard because Harvard Industries, not the Board, was the body that revoked Sanford's benefits. *Id.* Affirming the district court in all respects, the Sixth Circuit held that when an "unauthorized body" that does not have fiduciary discretion to determine benefits eligibility, such as Harvard Industries, renders a benefits decision, deferential review is not warranted. *Id.* at 597. Likewise, *Shelby County Health Care Corp. v. Majestic Star Casino, LLC* involved a situation in which plan documents undisputedly conferred discretion on one body, but an unauthorized body then made the benefits decision. *See* 581 F.3d 355, 365-67 (6th

---

[19] DN 18, Pg. 6.
[20] *See, e.g.*, DN 14, Pg. 296-99, 345-47.

Cir. 2009) (following *Sanford*'s "unauthorized body" rule). Had an unauthorized third party been the one to revoke her benefits, Plaintiff's argument would have more merit. As LINA was the body that revoked her benefits, Plaintiff's argument must fail.

### III. Conclusion and Order

For the reasons set forth above, Defendant's "Motion to Have the Court Apply the Arbitrary and Capricious Standard" is hereby GRANTED.

Appeal of this Order is subject to the terms and time limitations of Fed. R. Civ. P. 72(a) and L.R. 72.2.

cc: Counsel of record